### ERWIN v. DEZELL.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

**1. SLANDER—WORDS ACTIONABLE PER SE—CHARGE OF BASTARDY.**
Words charging a person with having been arrested for bastardy, and of having paid a sum of money to settle it, are not actionable *per se;* bastardy not being a crime under the laws of New York.

**2. SAME—PLEADING—SPECIAL DAMAGE.**
The words charged were not spoken of plaintiff in regard to his calling, and the complaint did not show what was his calling, and alleged no special damage other than that plaintiff's neighbors and possible customers would have no dealing with him because of the slander, and that actions at law to enforce the payment of debts had been brought against him, which would not have been brought but for the slander. *Held* insufficient to show special damage.

Appeal from special term, St. Lawrence county.

Action by George Erwin against Margaret Dezell for slander. A demurrer to the complaint was sustained, and plaintiff appeals.

The allegations of damage in the complaint were as follows: "By means of which said premises the said plaintiff hath been and is greatly injured in his credit and reputation, and brought into public scandal, infamy, and disgrace with and amongst all his neighbors, friends, and acquaintances, insomuch that divers of those friends and neighbors, and more especially this plaintiff's creditors, believing said false and scandalous statements to be true, have subjected said plaintiff to vexatious loss and injury. Plaintiff further alleges that actions at law have been brought, which otherwise would not have been brought, to enforce payment of debts and accounts against this plaintiff by reason of the speaking of said false, scandalous, and defamatory words above set forth by said defendant. Plaintiff further alleges, upon information and belief, that speculators and others who buy and deal in live stock and other farm produce have refused, and still refuse, to purchase plaintiff's live stock and other farm produce, by reason of the circulation and uttering of said false, scandalous, and defamatory words above set forth, to plaintiff's great loss and damage. Plaintiff further alleges, upon his information and belief, that his neighbors and acquaintances, and those who have heretofore furnished him employment and purchased his farm products, now refuse so to do, as they before the uttering and speaking of said false and defamatory words above set forth by said defendant had done, and otherwise would have continued to have done, whereby the said plaintiff hath lost all those valuable benefits and advantages, being to him of great value, to wit, the sum of three thousand dollars, and hath been and is greatly impoverished, and all his friends and business acquaintances have wholly withdrawn their friendship and acquaintance, to plaintiff's damage of three thousand dollars."

Mr. Justice RUSSELL filed the following opinion in the court below, (special term:)

"This is a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint attempts to charge a case of slander. The words alleged to have been spoken accuse the plaintiff of having been arrested for bastardy, and of having paid $100 to settle it. Inferentially it may be supposed, although the complaint does not charge it, that the offense committed by the plaintiff was that of being the father of a bastard child. The words are not actionable *per se.* It is no crime under the laws of the state of New York. It is within the reach of those laws for the protection of the public, so that the child will not become a burden upon the public, or have to be supported at the public expense. For that purpose the process of arrest is allowed against the reputed father, and imprisonment may come, but only in the event that he fails to comply with the order of the court in regard to protecting the public. It is, however, claimed that the complaint avers special damages. Those averments state

that, in consequence of these defamatory words, the plaintiff has been subjected to litigations which would not have been begun against him; has been unable to sell property; but in no case are the names or specifications given from which such a presumption may arise. The words charged are not spoken of the plaintiff in regard to his vocation in life, and the complaint does not state what that vocation is. It may be fairly inferred that such a charge would, if credited at all, result in injury to the reputation of any person; but this does not give a right of action. Such words fall in the class of cases which are not actionable, and as to the utterance of which a man must rely upon the good name and repute which he has earned by his life among his neigh‑ bors, and which serves him in good stead on such occasions. The law can‑ not take cognizance of every malicious scandal which is uttered by one against his neighbor. The only inference which can be drawn from the com‑ plaint to justify this assertion in regard to special damages is that the effect of these words, for some reason not disclosed, was magnified far beyond that which it would be in ordinary cases to the all-around detriment of the plain‑ tiff. It is equivalent to saying that his neighbors, and those who might have dealt with him, would not have anything to do with him because of the gen‑ eral blow to his reputation by the utterance of these words; not that they had any special, direct, or unusual effect. I do not overlook the general rule that the details of times, places, and names are obtained in or from a plead‑ ing by other remedies than by demurrer. I am considering whether the gen‑ eral averments reach a sufficient statement of cause and effect to justify the court in saying that special damage fairly arose from the defamatory words. Upon this inquiry I do not think the averments of the complaint sufficient, and therefore the demurrer is sustained, with leave to the plaintiff to amend upon payment of the costs of the action."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Forrest K. Moreland,* for appellant.   *Maurice C. Spratt,* for respondent.

PER CURIAM.   Judgment affirmed on opinion of court below.

---

### TAYLOR *v.* DERRICK *et al.*

(*Supreme Court, General Term, Third Department.*   July 2, 1892.)

FORECLOSURE OF MORTGAGES—CONFIRMATION OF SALE—OBJECTION WAIVED.
  No motion ever having been made by defendant to set aside a final judgment directing foreclosure of a mortgage and judgment for deficiency, if any, against him, he could not object on appeal that no order confirming a report of sale nor any further judgment in the cause was ever entered.

Appeal from special term, Rensselaer county.

Action by Morgan L. Taylor against Lewis W. Derrick and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*H. D. Bailey,* for appellants.   *Calvin S. McChesney,* for respondent.

PUTNAM, J.   I think the order of Judge FURSMAN should be affirmed, and that the case is one where an opinion is unnecessary. The final judgment in the case was entered in 1882, directing foreclosure, and sale and judgment for deficiency against appellants. No motion is made to set aside or modify that judgment. Such being the case, it was not necessary, in 1891, to enter any further or other judgment, nor, as against the defendants, an order con‑ firming the report. If there is any irregularity in the proceedings of the plaintiff, it seems to be a harmless one, and hence, under section 721 of the Civil Code, should be disregarded. See *Moore* v. *Shaw,* 15 Hun, 428; *Mor‑ ris* v. *Morange,* 38 N. Y. 172. All concur